the arrest and the state's brief tacitly accepts the assumption.

The applicable portion of § 195.145.1, RSMo 1978 states, in excised form:

"Any vehicle * * * which has been used * * * in violation of * * * § 195.025, shall be forfeited to the state and any peace officer of the state, *upon making or attempting to make an arrest* for a violation of this law, shall seize any such vehicle * * *." (Emphasis supplied).

 Forfeitures are not favored in the law and are to be enforced only when there is compliance with both the letter and spirit of the law. *State ex rel. Reid v. Kemp, 574 S.W.2d 695 (Mo.App.1978).* The letter of the law quoted above limits the seizure authority by investing the authority only in the peace officer who effects an arrest for a violation of Chapter 195. At a minimum, the record in this case does not establish that Whitener who seized the Datsun had any participation in the arrest of Kixmiller or that he had any knowledge of a violation of provisions in § 195.025, RSMo 1978 regarding controlled substances. To come within the seizure authority of § 195.145, RSMo 1978, the state was obliged to offer evidence that seizure of the Datsun was incident to the arrest of Kixmiller. This the state did not do and proof to sustain the petition for forfeiture was therefore inadequate.

Despite the deficiency of proof as to the circumstances of Kixmiller's arrest and the seizure of the car a more decisive infirmity mandates reversal of the judgment. Assuming, as did the parties and the trial court, that the violation for which the car was seized and upon which the judgment of forfeiture was based was the marijuana sale of June 13, the car was not being illegally used when seized on October 9.

Again referring to § 195.145, RSMo 1978, there appears in subsection 4 the following:

" * * * if the court finds that the property was not being illegally used at the time of seizure, the court shall relieve the property from forfeiture and restore it to the rightful owner * * *."

The portion of the statute quoted earlier and the provision cited above plainly express a limitation on seizures to situations in which the seizure is accomplished incident to a violation of § 195.025, RSMo 1978 and the arrest of the accused. In this case, the only reference to any violation by Kixmiller was the marijuana sale in June. Notwithstanding the self-imposed constraint of an undercover operative, the state lost its entitlement to seizure and forfeiture when no action was taken against Kixmiller until four months after the event. A contrary holding flies directly in the face of the command of the statute and the trial judge was in error in so ruling.

The judgment is reversed.

All concur.

**J.S.K., Appellant,**

v.

**R.H.K., Respondent.**

**Nos. 45781, 45782.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 6, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Jan. 24, 1984.

Schechter & Watkins, Ellen Watkins, St. Louis, for appellant.

Robert H. Kubie, Clayton, for respondent.

ORDER

PER CURIAM.

Both parties appeal from the trial court's modification of their dissolution decree. Mother contends that the trial court erred in transferring custody of one of the parties' two children to father. Father contends that the court erred in not transferring custody of both children to him, and further complains that provisions for increased child support and attorney fees and costs constitute an abuse of discretion.

Judgment of the trial court is affirmed. Rule 84.16(b).

**STATE of Missouri, Respondent,**

v.

**Ronald Bernard BRITT, Appellant.**

**No. 46182.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 6, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 24, 1984.

Robert J. Maurer, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Stealing. A jury found defendant Ronald B. Britt guilty of stealing garments from a department store. The trial court sentenced him as a persistent offender to ten years in prison. Defendant offered no evidence and does not challenge the sufficiency of the state's evidence.

The only point here is that the trial court erred in overruling defendant's trial objection to the state's closing jury argument: "The prosecutor focused the attention of the jury on appellant's failure to present evidence and testify personally."

The challenged closing jury argument: paraphrased:

The prosecutor: " ... during the voir dire you remember defense counsel says the defendant doesn't have to put on any defense at all."

Defense counsel: "Objection."

The court: "Overruled."

The prosecutor: "The point is they don't have to put on any defense."

Defense counsel: "Renew my objection."

The court: "Overruled."

The jury argument was not a "direct and certain reference" to failure of the accused to testify. See *State v. Hutchinson,* 458 S.W.2d 553[3] (Mo. banc 1970). That case was followed in *State v. Pruitt,* 479 S.W.2d 785[8] (Mo. banc 1972); there the court distinguished between a prosecutor's impermissible comment about defendant's failure to testify, and as here, the permissible comment that defendant offered no evidence.